SCOTTISH UNION & NATIONAL INSURANCE CO. v. G. P. BROWN.

EFFECT OF CONSENT OF INSURANCE AGENT TO TRANSFER OF PROPERTY INSURED.

An agent of an insurance company, having authority to issue policies, is a general agent, and as such, has authority to enter the written consent of the company upon its policy to the sale and transfer of property from one owner to another, which consent will operate as to all the terms and conditions of the sale, whether it is a sale for cash or part cash, with security by way of chattel mortgage and the property insured for the balance. Failure of the agent to inquire as to the terms of the sale cannot invalidate the transfer of the policy to the purchaser.

**Will G. Guenther** and **Theo. Hall & Son,** for plaintiff in error, cited:

Consent by insurer to a sale and assignment of the policy, does not carry with it consent to an encumbrance which is a part of the transaction of sale, and of which it has no knowledge. German-American Bank v. Insurance Co., 8 Mo. App. 401, 407, 408; First National Bank v. Insurance Co., 60 N. W. Rep. 345, 346 [58 Minn. 492]; 24 Ins. L. J. 561; Titus v. Insurance Co., 81 N. Y. 410, 417, 418; Brown v. Insurance Co., 58 Pac. Rep. 276 [9 Kan. App. 526]; Aetna Ins. Co. v. Holcomb, 34 S. W. Rep. 915 [89 Tex. 404]; Insurance Co. of N. A. v. Wicker, 54 S. W. Rep. 300 [Tex. Civ. App.]; Olney v. Insurance Co., 50 N. W. Rep. 100 [88 Mich. 94; 13 L. R. A. 684; 26 Am. St. Rep. 281]; Harding v. Insurance Co., 71 N. W. Rep. 755 [10 S. Dak. 64]; 26 Ins. L. J. 901; Shaffer v. Insurance Co., 46 N. E. Rep. 557 [17 Ind. App. 204]; Milwaukee M. Ins. Co. v. Niewedde, 39 N. E. Rep. 757 [12 Ind. App, 145]; First Nat. Bank v. Insurance Co., 60 N. W. Rep. 345, 346 [58 Minn. 492]; 24 Ins. L. J. 561; Gray v. Assurance Co., 31 N. Y. Supp. 237 [63 N. Y. St. 555; 82 Hun 380]; Home Fire Ins. Co. v. Johansen, 80 N. W. Rep. 1047 [59 Neb. 349]; Indiana Ins. Co. v. Pringle, 52 N. E. Rep. 821 [21 Ind. App. 559]; Dwelling House Ins. Co. v. Shaner, 52 Ill. App. 326; Thomkins v. Insurance Co., 49 N. Y. Supp. 184 [22 App. Div. 380]; Home Ins. Co. v. Lindsey, 26 Ohio St. 348; Webster v. Insurance Co., 53 Ohio St. 558 [42 N. E. Rep. 546; 30 L. R. A. 719; 53 Am. St. Rep. 658]; Hickey v. Insurance Co., 11 Circ. Dec. 135 (20 R. 385); Guenther Ohio Ins. L., Secs. 77, 409, 417.

A local fire insurance agent cannot verbally waive the conditions of a standard policy, which contains a stipulation requiring any such waiver to be in writing. Insurance Co. v. Leslie, 47 Ohio St. 409, 413 [24 N. E. Rep. 1072]; 1 Joyce on Ins., Secs. 433, 434, 435; Messelback v. Norman, 26 N. E; Rep. 34 [122 N. Y. 578]; Murphy v. Insurance Co., 27 So.

Rep. 143 [52 La. Ann. 775]; 29 Insurance L. J. 210 ; Quinlan v. Insurance Co., 31 N. E. Rep. 31 [133 N. Y. 356]; Baumgartel v. Insurance Co., 32 N. E. Rep. 990 [136 N. Y. 547]; Carey v. Insurance Co., 54 N. W. Rep. 18 [84 Wis. 80; 20 L. R. A. 267]; Porter v. Insurance Co., 35 N. E. Rep. 678 [160 Mass. 183]; Moore v. Insurance Co., 36 N. E. Rep. 191 [141 N. Y. 219]; Walsh v. Insurance Co., 73 N. Y. 5; Ermentraut v. Insurance Co., 65 N. W. Rep. 635 [63 Minn. 305; 30 L. R. A. 346; 56 Am. St. Rep. 481]; Tomkins v. Insurance Co., 49 N. Y. Supp. 184 [22 App. Div. 380]; 16 Enc. Law (2 ed.) 751; Union Cent. Life Ins. Co. v. Buxer, 62 Ohio St. 385 [57 N. E. Rep. 66]; West v. Insurance Co., 27 Ohio St. 1; Hickey v. Insurance Co., 11 Circ. Dec. 135 (20 R. 385, 391); Travelers' Ins. Co. v. Myers, 62 Ohio St. 529, 540, 541 [57 N. E. Rep. 458]; Union Mut. Life Ins. Co. v. McMillen, 24 Ohio St. 67, 80 ; Home Ins. Co. v. Lindsey, 26 Ohio St. 348, 355, 356; Union Cen. Life Ins. Co. v. Hook, 62 Ohio St. 256, 264, 265 [56 N. E. Rep. 906]; Eureka Fire & Mar. Ins. Co. v. Baldwin, 62 Ohio St. 368, 384 [57 N. E. Rep. 57]; Guenther Ohio Ins. L., Secs. 204, 291, 305 ; Aetna Ins. Co. v. Reed, 33 Ohio St. 283 ; Guenther Ohio Ins. L., Sec. 33 ; Woodside Brewing Co. v. Insurance Co., 42 N. Y. Supp. 620 [11 App. Div. 68]; Carey v. Insurance Co., 54 N. W. Rep. 18 [84 Wis. 80; 20 L. R. A. 267; 36 Am. St. Rep. 907]; Insurance Co. v. France, 51 Ohio St. 604.

Plaintiff's petition does not state, nor does his evidence establish, facts sufficient to invoke the doctrine of estoppel *in pais*. 11 Am. & Eng. Enc. Law (2 ed.) 434; Baker v. Insurance Co., 43 N. Y. 284; Messelback v. Norman, 26 N. E. Rep. 34 [122 N. Y. 578, 579]; Walsh v. Insurance Co., 73 N. Y. 5 ; O'Brien v. Insurance Co., 31 N. E. Rep. 265 [134 N. Y. 28]; Quinlan v. Insurance Co., 31 N. E. Rep. 31 [133 N. Y. 356; 28 Am. St. Rep. 645]; Moore v. Insurance Co., 36 N. E. Rep. 191 [141 N. Y. 219]; Woodside Brewing Co. v. Insurance Co., 42 N. Y. Supp. 620 [11 App. Div. 68]; Baumgartel v. Insurance Co., 32 N. E. Rep. 990 [136 N. Y. 547, 548]; Carey v. Insurance Co., 54 N. W. Rep. 18 [84 Wis. 80; 20 L. R. A. 267; 36 Am. St. Rep. 907]; Tomkins v. Insurance Co., 49 N. Y. Supp. 184 [22 App. Div. 380]; Insurance Co. v. France, 51 Ohio St. 604 ; Union Cent. L. Ins. Co. v. Hook, 62 Ohio St. 256, 265 [56 N. E Rep. 906].

Error of the trial court in stating the issues. Bain v. Wilson, 10 Ohio St. 14, 18; White v. Thomas, 12 Ohio St. 312 [80 Am. Dec. 347]; Lytle v. Boyer, 33 Ohio St. 506; Washington Mut. Ins. Co. v. Insurance Co., 5 Ohio St. 450, 451 ; Aetna Ins. Co. v. Reed, 33 Ohio St. 283 ; Steel v. Kurtz, 28 Ohio St. 191, 192; Lowe v. Lehman, 15 Ohio St. 179 ; Varner v. Varner, 9 Circ. Dec. 273 (16 R. 386); Little Miami Ry. Co. v. Wet-

more, 19 Ohio St. 110; Baker v. Pendergast, 32 Ohio St. 494, 495 [30 Am. Rep. 620].

Error of the trial court in the admission and rejection of evidence. Insurance Co. v. France, 51 Ohio St. 604; Union Cent. L. Ins. Co. v. Hook, 62 Ohio St. 256, 265 [56 N. E. Rep. 906]; Woodside Brewing Co. v. Insurance Co., 42 N. Y. Supp. 620 [11 App. Div. 68]; Carey v. Insurance Co., 54 N. W. Rep. 18 [84 Wis. 80; 20 L. R. A. 267; 36 Am. St. Rep. 907]; Messelback v. Norman, 26 N. E. Rep. 34 [22 N. Y. 578, 579].

**LAUBIE, J.**

In this case the plaintiff company seeks to have a judgment set aside which was rendered against it in favor of the plaintiff below, Brown, in an action upon a fire insurance policy. We have examined with care all the alleged errors, and find that by reason of the condition of the law in this state substantially all are immaterial. It is evident from the statement of the facts in the pleadings and as shown in the evidence, that the consent of the insurance company to the sale was, in effect a consent to all the terms of the sale, including the giving of the mortgage.

At the time of the sale of the stock of goods from Wagstaff to Brown, Wagstaff, in behalf of himself and Brown, took the policy to the agent of the company, Mr. Booth, and made a statement as to the sale of the property by him to Brown, in good faith, without referring to the mortgage, in order to obtain the consent of the company thereto, and to a transfer of the policy to Brown; and such assent was placed upon the policy by Booth as the agent of the company. Booth had authority to do this, and to consent to the placing of a chattel mortgage upon the property. He had authority to issue policies, and was a general agent of the company. Having this authority, he entered this written consent of the company to the sale and transfer of the property from Wagstaff to Brown, and that consent operated as a consent to all the terms and conditions of the sale, whether it was a sale for cash, or part cash with security for the balance, or what not, and effected a valid transfer of the policy upon the stock of goods to its purchaser.

Whatever may be the law in other jurisdictions, it seems to be well settled in this state that such is the effect of such written consent, although not a word was said about the chattel mortgage.

In Farmer's Ins. Co. v. Ashton, 31 Ohio St. 477, the syllabus is as follows:

" It was stipulated in a policy of fire insurance, that if the property insured should be sold or transferred, or any change made in its title, without the assent of the company insuring, the policy should be void.

The assured sold and conveyed the property for an agreed sum, to be paid in the future, the company assenting to the sale, but without knowledge of its terms. To secure the payment of the purchase price, the purchaser, at the time of the sale, and as a part of its terms, executed a mortgage of the property to the vendor, of which the company had no knowledge until after the property was destroyed by fire: *Held*, that the assent given by the company to said sale and transfer of title was an assent to the terms upon which the same were made, and, hence, that the execution of said mortgage did not avoid the policy."

The opinion was rendered by Boynton, J., and upon the assumption that the execution of the mortgage was a change of title, he says, page 479:

"The assent of the company was expressly given to the sale and conveyance by Francis Ashton to the defendant in error, and the mortgage back was a part of the same transaction, and one of its constituent elements.

" The assent given was in no wise qualified, or conditioned on a sale for ready money. Nor is it claimed to have been fraudulently induced or procured. We, therefore, must hold it to have been an assent to the sale and conveyance as actually made between the parties, and consequently an assent to whatever change in the title the execution and delivery of the mortgage effected."

In the case before us, it is admitted that the written assent to the sale was made in writing upon the policy, and if the agent did not seek to find out what the terms of that sale were, whether for cash or not, was no concern of Brown's, but was simply a matter for the insurance company itself and its agent. The agent assented in the name of the company to the sale, and that included an assent to all of its terms and conditions.

We also find that there was no misconduct shown on the part of the jury, and that the amount of the verdict was not excessive. All other of the alleged errors are immaterial, as the plaintiff was entitled to recover in any event, and the judgment is affirmed.

Mr. Starkey: " They said in argument they did not rely upon the jury computing too much interest in this case, but if there is any question over it we would like to remit the amount."

Judge Burrows: " You better remit it, as they might rely on it in some other court if they don't in this.

Mr. Starkey: " We remit twelve dollars."